IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL No. 731, I. B. of T., EXCAVATORS AND PAVERS PENSION TRUST FUND, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:25-cv-13264 |
| v. | ) ) ) |
| R.J. HARMS TRUCKING AND EXCAVATING, INC., HARMS FARMING AND LEASING, LLC, and any other any trade or business under common control with R.J. HARMS TRUCKING AND EXCAVATING, INC., | ) ) ) Judge ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff the Local No. 731, I. B. of T., Excavators and Pavers Pension Trust ("Fund") brings this complaint against Defendants R.J. Harms Trucking and Excavating, Inc. ("RJH Trucking" or "Company"), Harms Farming and Leasing, LLC ("Harms Farming"), and any other trade or business under common control with RJH Trucking and alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461, to collect withdrawal liability, interest, and penalties and, as such, this Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

2. Venue lies in this court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Fund is administered by its Trustees at its principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois, 60527.

1

## PARTIES

3. The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

4. Defendant RJH Trucking was an Illinois corporation until its dissolution on May 9, 2025. On information and belief, its principal place of business was located in the State of Illinois.

5. Defendant Harms Farming is an Illinois limited liability company. On information and belief, its principal place of business is located in the State of Illinois.

## FACTS

6. In 2023, Jeremy Harms owned 100% of RJH Trucking.

7. On information and belief, in 2023, Mindy Harms was married to Jeremy Harms and owned 100% of Harms Farming.

8. RJH Trucking has been an employer engaged in an industry affecting commerce and has been subject to successive collective bargaining agreements with the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T., under which RJH Trucking has been required to make contributions to the Fund for each hour worked by its employees performing certain types of work described in the agreement.

9. In or around March of 2023, RJH Trucking permanently ceased performing the work for which it had been obligated to remit contributions to the Fund.

10. The Fund's actuaries determined that, under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), RJH Trucking owes $108,066 in withdrawal liability due to its complete withdrawal from the Fund in 2023.

11. Through its attorneys, the Fund sent RJH Trucking and Harms Farming, a letter dated September 17, 2025 ("Notice and Demand") that notified the Company of its withdrawal liability. A copy of that letter is attached hereto as Exhibit A.

12. The Notice and Demand indicated that, while RJH Trucking's withdrawal liability would ordinarily be payable through four quarterly installments of $21,953 and a final installment of $21,572 with the first installment due by October 20, 2025, pursuant to the Fund's withdrawal liability procedures and ERISA Section 4219(c)(5)(B), the Fund accelerated RJH Trucking's withdrawal liability due the Company's recent Chapter 7 bankruptcy. Ex. A.

13. The Notice and Demand advised RJH Trucking that, due to the acceleration, its full $108,066 withdrawal liability was due by October 1, 2025. Ex. A.

14. The Notice and Demand also explained RJH Trucking's right to request review of the Fund's withdrawal liability determination within 90 days of receipt of the Notice and Demand and stated that RJH Trucking would be in default if it failed to remit payment to the Fund. Ex. A.

15. The Fund sent the Notice and Demand to RJH Trucking and Harms Farming via e-mail and certified mail.

16. RJH Trucking received the Notice and Demand via certified mail on September 20, 2025, confirmed by a certified mail return receipt signed by its owner, Jeremy Harms.

17. RJH Trucking did not remit the $108,066 withdrawal liability payment by October 1, 2025 and has not remitted any withdrawal liability payments to the Fund as of the date this Complaint is filed.

## COUNT I
## LIABILITY FOR COMPLETE WITHDRAWAL UNDER ERISA § 4201
### RJH TRUCKING

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint, as through fully set forth herein, as paragraph 18 of this Count I.

19. In or around March of 2023, RJH Trucking effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

20. Due to this complete withdrawal, RJH Trucking incurred $108,066 in withdrawal liability to the Fund, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

21. The Notice and Demand provided RJH Trucking with the notice of withdrawal liability required by Sections 4202(2) and 4219(b) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b).

22. Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), provides that a default takes place upon the occurrence of "any other event defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability."

23. The Fund's Trustees have adopted rules defining events which indicate a substantial likelihood that an employer will be unable to pay its withdrawal liability. *See* Ex. A at Supplement A, Section XV(I)(2). Those events include the "filing or commencement by the Employer…of any proceeding…relating to any bankruptcy." *Id*.

24. RJH Trucking commenced Chapter 7 bankruptcy proceedings in 2024.

25. RJH Trucking is in default within the meaning of ERISA section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

26. RJH Trucking did not make a withdrawal liability payment to the Fund by October 1, 2025.

4

27. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Fund is entitled to immediate payment of the entire amount of RJH Trucking's outstanding withdrawal liability, plus accrued interest on that amount accruing from the date of the missed payment.

28. Pursuant to the Fund's procedures pertaining to withdrawal liability and Sections 502(g)(2) and 4301(b) of ERISA, the Fund is also entitled to payment of liquidated damages in an amount equal to the interest or 20% of the withdrawal liability, whichever is greater, and all attorneys' fees and costs that the Fund has incurred related to this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a. That, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), judgment be entered in the Fund's favor and against RJH Trucking for: $108,066 in withdrawal liability; pre-judgment interest on the entire amount of withdrawal liability assessment beginning on the date of default, computed and charged at an interest rate equal to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve System as set forth in Statistical Release H.15; an amount equal to the greater of the interest on the unpaid withdrawal liability or liquidated damages equal to 20% of the unpaid withdrawal liability; and attorneys' fees and costs incurred by the Fund with respect to this matter;

b. All such other legal and equitable relief as the Court deems just and proper.

## COUNT II: CONTROL GROUP LIABILITY
## FOR COMPLETE WITHDRAWAL UNDER ERISA § 4201
## HARMS FARMING
## AND ANY OTHER TRADE OR BUSINESS UNDER
## COMMON CONTROL WITH RJH TRUCKING

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint, as though fully set forth herein, as Paragraph 29 of this Count II.

30. Upon information and belief, Harms Farming is a for-profit business that has earned income, claimed business-related deductions on its tax returns, and applied for and received a Federal Employer Identification Number.

5

31. Under 26 U.S.C. § 1563 and the regulations promulgated thereunder, organizations are treated as being under common control when the same individuals have 80% or more of the control of the organizations.

32. Under 26 U.S.C. § 1563(e)(5), for the purpose of identifying trades or businesses under common control, ownership interests held by one spouse are treated as though they are held by the other spouse.

33. Thus, for the purposes of identifying trades or businesses under common control with RJH Trucking, ownership interests held by Mindy Harms in 2023 are treated as though they were held by her spouse, Jeremy Harms, in 2023.

34. Because Jeremy Harms owned 100% of RJH Trucking and is treated as the 100% owner of Harms Farming in 2023, those entities were under common control as of the date of the complete withdrawal.

35. When RJH Trucking withdrew from the Fund, RJH Trucking, Harms Farming, and any other trades or businesses that were under common control with RJH Trucking as of the date of the withdrawal (collectively, "Control Group") incurred withdrawal liability to the Fund in the amount of $108,066, as determined under Section 4201(b) of ERISA.

36. Since notice to one member of a control group constitutes notice to all members of the control group, the Notice and Demand provided the Control Group with the notice required by Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399.

37. Due to RJH Trucking's bankruptcy, the Control Group is in default within the meaning of Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B) and the Fund's withdrawal liability rules.

6

38.   Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Fund is entitled to immediate payment of the entire amount of RJH Trucking's outstanding withdrawal liability, jointly and severally, from each member of the Control Group, plus accrued interest on that amount accruing from the date of the first missed payment, liquidated damages, and attorneys' fees and costs incurred by the Fund.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a.   That, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), judgment be entered in the Fund's favor and against all trades or businesses under common control with against RJH Trucking, Harms Farming, and any other trade or business under common control with RJH Trucking, jointly and severally, for: $108,066 in withdrawal liability; pre-judgment interest on the entire amount of withdrawal liability assessment beginning on the date of default, computed and charged at an interest rate equal to the P.B.G.C. rate reported by the Board of Governors of the Federal Reserve System as set forth in Statistical Release H.15; an amount equal to the greater of the interest on the unpaid withdrawal liability or liquidated damages equal to 20% of the unpaid withdrawal liability; and attorneys' fees and costs incurred by the Fund with respect to this matter;

b.   All such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiff

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH, LLP
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361